UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA DE LOS ANGELES VICENTE,<br><br>Defendant. | Case No. CR 07-0011-FMO-3<br><br>**ORDER RE: MOTION FOR COMPASSIONATE RELEASE** |

Having reviewed and considered all the briefing filed with respect to defendant Maria De Los Angeles Vicente's ("defendant") Motion for Compassionate Release [] (Dkt. 1120, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On February 9, 2009, defendant was convicted, following a jury trial, on five charges: (1) conspiracy; (2) sex trafficking of children by force, fraud or coercion; and (3) importation and harboring of aliens for purposes of prostitution (three counts). (See Dkt. 750, Jury Verdict at 1, 10, 13, 15-16). The jury was unable to reach a verdict as to the remaining charges. (See id. at 5, 11, 22-24). On November 20, 2009, the court sentenced defendant to a 360-month term of incarceration, to be followed by five years of supervised release. (See Dkt. 907, Judgment and

Probation/Commitment Order at 1). Defendant has been detained since December 20, 2006. (See Dkt. 865, Revised Presentence Investigation Report at 2). Defendant's projected release date with good time credit is July 12, 2032. (See BOP Inmate Locator, https://www.bop.gov/inmateloc/).

On April 16, 2020, defendant filed a motion for compassionate release based on the circumstances of her conviction, her claim that she is "not a threat to [her] family nor the community[,]" (see Dkt. 1086, Request to Modify or Reduce Sentence ("First Motion") at ECF 13333), and "her underlying health conditions [which] put her at high risk if exposed to [COVID-19.]" (Dkt. 1096, Reply to the Government's Opposition to Defendant's Motion to Reduce Sentence at ECF 13373). The court denied the First Motion without prejudice on March 12, 2021, because defendant failed to present "sufficient evidence of any medical condition that places her at greater risk of suffering a severe illness were she to contract COVID-19" and therefore failed to meet her burden "of demonstrating extraordinary and compelling reasons for release." (See Dkt. 1098, Court's Order of March 12, 2021, at 6-7). The court also noted that defendant's arguments about the circumstances of her conviction "are not grounds for compassionate release, but are properly considered upon a motion to vacate a sentence under 28 U.S.C. § 2255." (See id. at 6 n. 3).

On July 25, 2022, defendant requested compassionate release through the administrative process at the Federal Correctional Institution at Tallahassee ("FCI Tallahassee"). (See Dkt. 1120, Motion, Exh. A, Defendant's Request for Compassionate Release at ECF 13913). More than 30 days have elapsed since defendant's request, and she represents that she has not received a response. (See id., Motion at ECF 13893). The government represents that a hearing on defendant's request for compassionate release was set to take place before the BOP on November 8, 2022, (see Dkt. 1123, Government's Opposition to Defendant's Motion to Reduce Sentence [] ("Opp."), Declaration of Daniel H. Weiner ("Weiner Decl.") at ¶ 3), but there is no indication in the record that such a hearing ever occurred. (See, generally, Dkt.).

Defendant thereafter filed the instant Motion, seeking compassionate release because she "suffers from several comorbidities such as Type II Diabetes, Obesity (BMI >25), Calcaneal,

Thyroid Disorder (Hyper), High Cholesterol . . . history of smoking and previously contracting COVID-19," which increase her risk if she were to contract COVID-19 again. (See Dkt. 1120, Motion at 1). Defendant also argues that there is a disparity between her sentence and the sentences of "others who h[ave] been charged with the same offense[,]" resulting in a "miscarriage of justice." (See id.).

## LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526, 131 S.Ct. 2685, 2690 (2011) (quoting 18 U.S.C. § 3582(c)). One such exception is compassionate release, which allows a court to reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] if the court "finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

On December 21, 2018, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), "a landmark piece of criminal-justice reform legislation that amended numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." United States v. Rodriguez, 451 F.Supp.3d 392, 396 (E.D. Pa. 2020) (cleaned up). Before the FSA's passage, a defendant could only petition the Director of the Bureau of Prisons ("BOP") for compassionate release, who could then, at his or her discretion, move the district court for relief. See U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.13, cmt. n. 4 (U.S. Sentencing Comm'n 2018). The FSA revised these procedures to permit defendants to petition district courts directly for sentence modifications, see 18 U.S.C. § 3582(c)(1)(A), and "grants broad discretion to the district courts in providing relief." United States v. Parker, 461 F.Supp.3d 966, 974 (C.D. Cal. 2020) (cleaned up).

The FSA established a three-step process for a defendant seeking compassionate release

---

[1] Unless otherwise indicated, all statutory references are to Title 18 of the United States Code.

under 18 U.S.C. § 3582(c)(1)(A):

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. Second, a district court may grant compassionate release only if extraordinary and compelling reasons warrant such a reduction and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. Third, the district court must also consider the factors set forth in Section 3553(a) to the extent that they are applicable.

United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019) (citations and internal quotation marks omitted). Defendant "bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). Even when these requirements are met, a court may deny a motion for compassionate release if it determines that releasing a defendant would pose a "danger to the safety of any other person or to the community." Parker, 461 F.Supp.3d at 984 (cleaned up).

## DISCUSSION

I.  EXHAUSTION

A defendant may file a motion with the district court seeking compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Section "3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

The government acknowledges that defendant "filed her request for a sentence reduction with the BOP and waited the required thirty days under 18 U.S.C. § 3582(c)(1)(A) before renewing her request for compassionate release with this Court." (Dkt. 1123, Opp. at 5). Thus, the court will assume that defendant has met the exhaustion requirement. See, e.g., United States v. Mitchell, 2020 WL 2770070, *3 (E.D. Cal. 2020) (declining to address whether defendant must

exhaust administrative remedies after the warden declined his request for compassionate release because government conceded that defendant met exhaustion requirement); United States v. Johnson, 2020 WL 2307306, *4 (E.D. Cal. 2020) ("Because the government effectively concedes defendant has met the exhaustion requirement, the court assumes defendant has exhausted without reaching the question of how to interpret the statutory text of § 3582(c)(1)[.]").

II.   EXTRAORDINARY AND COMPELLING CIRCUMSTANCES.

Before the FSA's passage, the Sentencing Commission identified four categories of situations that qualify as "extraordinary and compelling circumstances": "serious medical conditions, advanced age, family circumstances, and a catch-all 'other reasons.'"[2] United States v. Cooper, 2020 WL 2064066, *3 (D. Nev. 2020); U.S.S.G. § 1B1.13 ("§ 1B1.13").[3] Although the FSA directed the Sentencing Commission to promulgate "the criteria to be applied and a list of specific examples" of extraordinary and compelling reasons, "the Sentencing Commission has not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A). The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A)." United States v. Aruda, 993 F.3d 797, 800

---

[2] Regarding "serious medical conditions," the Sentencing Guidelines state that "extraordinary and compelling reasons" exist when the defendant has a physical, functional, or cognitive impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. 1(A).

[3] Section 1B1.13 provides that "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

(1)(A) extraordinary and compelling reasons warrant the reduction; or
(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

(9th Cir. 2021) (footnote omitted).

In Aruda, the Ninth Circuit addressed whether the current version of § 1B1.13 applies to § 3582(c)(1)(A) motions filed by a defendant rather than the BOP Director. See 993 F.3d at 801-802. The Aruda court endorsed the approach taken by other circuits in holding "that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. In other words, the Sentencing Commission has not yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant. The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (cleaned up).

Here, defendant argues that her health conditions – specifically, "being morbidly obese, with a BMI > 25[,]" "Type II diabetes, thyroid disorder, high ch[oleste]rol, calcaneal, . . . history of smoking" and having "tested positive for COVID-19 previously" – amount to extraordinary and compelling circumstances warranting compassionate release. (See Dkt. 1120, Motion at 3-4). Defendant also notes that she continues to experience symptoms from a previous COVID-19 infection, as she "suffers from chest pain and difficulty breathing"; "is unable to walk 300 feet without being out of breath and chest burning"; and she must "sleep in a[n] upward position to breathe properly."[4] (Id. at 4). However, a review of the voluminous medical records submitted by the government indicates that defendant's medical conditions are being properly managed by the BOP. For example, it appears that defendant: receives routine exams to monitor her diabetes, (see Dkt. 1127, Exh. B, Medical Records at ECF 14029); (id., Exh. C, Medical Records at ECF 14141-42); (id., Exh. D, Medical Records at ECF 14245-45); receives treatment and medication for hypothyroidism and high cholesterol, (id. at ECF 14257-58, 14269); is taking Metformin, with which she is 100% compliant and has not experienced any complications or side effects, (id., Exh. B, Medical Records at ECF 14029); (id., Exh. C, Medical Records at ECF 14141). Additionally,

---

[4] Defendant also asks the court to consider various "discrepancies" in her case and attaches several exhibits purporting to cast doubt on her conviction and sentence. (See Dkt. 1120, Motion at 4); (id. at Exhs. E-G). As the court explained in its Order of March 12, 2021, "such circumstances, . . . are not grounds for compassionate release[.]" (Dkt. 1098, Court's Order of March 12, 2021, at 6 n. 3).

medical exams conducted in 2022 concluded that defendant exhibited "[n]o increased work of breathing." (Id. Exh. D, Medical Records at ECF 14258). In short, the medical conditions defendant cites do not amount to extraordinary and compelling reasons justifying compassionate release. See United States v. Ayon-Nunez, 2020 WL 704785, *3 (E.D. Cal. 2020) ("To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [she] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); see, e.g., United States v. Morales, 2023 WL 199176, *3 (E.D. Cal. 2023) (denying motion for compassionate release filed by defendant who suffered from "type II diabetes, loss of use of his right arm, Duputren's contracture, nerve damage, a history of smoking, and skin rash" where defendant's conditions were being managed by BOP and there were low levels of COVID-19 at defendant's facility). Additionally, it does not appear that defendant has lost the ability to care for herself while in custody. See Ayon-Nunez, 2020 WL 704785, at *2 (denying compassionate release where medical records did not support suggestion that "defendant's ability to provide self-care within the environment of a correctional facility has been substantially diminished" and "suggest[] that the defendant is receiving medical treatment.") (internal quotation marks omitted).

In short, while the court is sympathetic to defendant's experience at FCI Tallahassee during the pandemic, defendant has not provided sufficient evidence of extraordinary and compelling circumstances justifying compassionate release. (See, generally, Dkt. 1120, Motion); see, e.g., United States v. Fuller, 2020 WL 1847751, *1 (W.D. Wash. 2020) (denying motion for compassionate release where defendant "did not include any documentary evidence in support of his alleged medical conditions"); United States v. Medel, 2021 WL 1200182, *3 (C.D. Cal. 2021) (denying motion for compassionate release in part because defendant's medical records, which showed he did not suffer from respiratory issues, did not demonstrate he was at a heightened risk of severe illness from COVID-19).[5]

---

[5] Because defendant fails to establish extraordinary and compelling reasons justifying compassionate release, the court need not address whether any reduction in defendant's sentence would be consistent with consideration of the sentencing factors set forth at 18 U.S.C.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT defendant's Motion for Compassionate Release [] **(Document No. 1120)** is **denied**.

Dated this 6th day of May, 2023.

/s/
Fernando M. Olguin
United States District Judge

---

§ 3553(a).